IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERT PALACZ, | ) |
| | ) |
| Plaintiff, | ) No. 10 C 3413 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| THE VILLAGE OF HARWOOD HEIGHTS, an | ) |
| Illinois municipal corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Albert Palacz filed a five-count amended complaint arising from the termination of his employment as a police officer and K-9 handler from the police department of defendant, Village of Harwood Heights ("Village"). Counts I and II allege that the termination occurred as a result of defendant's discrimination on the basis of sex, disability and retaliation in violation of Title VII. Count III alleges that defendant failed to pay plaintiff overtime compensation, in violation of the Fair Labor Standards Act. Count IV alleges that defendant breached the K-9 contract to which plaintiff, defendant and the K-9 owner were parties. Count V alleges that defendant discharged plaintiff in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 et seq ("Act"). Defendant has moved to dismiss Count V under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is denied.

## BACKGROUND[1]

Plaintiff was employed as a police officer with defendant's police department from July 10, 1989 until 2010. He was the department's K-9 handler from September 2006 until

---

[1]The following facts come from the amended complaint, and for purposes of evaluating defendant's motion to dismiss, the court accepts them as true. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

February 20, 2009. In February of 2007, Village Chief of Police Martin Podosek ordered plaintiff to have the K-9 spayed. At the time, plaintiff voiced his concern to Chief Podosek that he considered this act to be a breach of the "Law Enforcement K-9 Contract" ("the Contract") to which plaintiff, Chief Podosek, and the owner of the K-9 were signatories. Podosek insisted that plaintiff have the dog spayed, and further ordered plaintiff not to inform the owner of the spaying. Plaintiff complied with the Chief's orders.

As a result of the spaying, the K-9's owner sued defendant in a separate lawsuit ("the State Court Lawsuit").[2] On February 24, 2010, plaintiff provided an affidavit regarding the facts surrounding the K-9's spaying, which was used in the State Court Lawsuit. Plaintiff was then interrogated at an administrative hearing on April 10, 2010 about the affidavit, among other things. Defendant subsequently filed both a Motion for Suspension of Officer Albert Palacz Without Pay Pending A Hearing, as well as a Complaint against plaintiff alleging official misconduct as an officer, with the Village's Board of Fire and Police Commissioners ("the Board"). On July 26, 2010, plaintiff was suspended without pay, pending his termination by the Board. Plaintiff has since retired from the police department.

## DISCUSSION

**I.** **Legal Standard**

A complaint that fails to state a claim upon which relief can be granted should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th

---

[2]TNK9 Inc., v. The Village of Harwood Heights, et al., Case No. 09 L 12907, Circuit Court of Cook County.

Cir. 1990). The court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Seventh Circuit has emphasized that even though Twombly "retooled federal pleading standards" and "retired the oft-quoted Conley formulation," notice pleading is still all that is required. Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Its allegations must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555.

## II. **Motion to Dismiss**

Count V of plaintiff's amended complaint alleges that defendant's adverse employment action is a violation of the Illinois Whistleblower Act, 740 ILCS 174/15(a), which provides:

> An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

The heart of defendant's Rule 12(b)(6) motion is that plaintiff's amended complaint fails to explicitly allege that plaintiff had reasonable cause to believe that the information he disclosed in the affidavit constituted a violation of a State or federal law, rule or regulation. Defendant argues that plaintiff's belief that defendant breached the K-9 contract by having the K-9 spayed

3

falls short of meeting the Act's requirement that plaintiff have "reasonable cause to believe" that his employer violated "a State or federal law, rule, or regulation," because a breach of contract is a matter of civil law, not criminal law. Defendant also argues that the affidavit that plaintiff submitted in the State Court Lawsuit does not satisfy the Act's requirement that the disclosure be "in a court."

The amended complaint alleges that plaintiff believed that: (1) he considered having the K-9 spayed was a violation of the contract; (2) that he submitted an affidavit to the Circuit Court of Cook County in the state court lawsuit against defendant; and (3) that he was subjected to retaliation as a result of his submission in the form of an interrogation and his subsequent suspension and termination proceedings. Although the amended complaint does not specifically allege that the spaying of the K-9 violated any federal or Illinois law, the facts alleged allow a plausible inference that plaintiff had reasonable cause to believe the spaying constituted criminal conduct as well as a breach of the Contract. Defendant's argument that plaintiff's allegations are inadequate for not explicitly citing which law he reasonably believed defendant had broken is inapposite. Under Twombly and Iqbal, the court evaluates a complaint's adequacy based on the facts that plaintiff has alleged, and whether those facts plausibly state a claim. The court concludes that plaintiff has sufficiently alleged a violation of the Act to meet the requirements of Rule 8(a)(2).

Defendant's contention that the affidavit does not satisfy the Act's requirement because plaintiff did not disclose the information while physically in a courtroom is nullified by the Act's catch-all clause, "or in any other proceeding." There is no dispute that plaintiff's affidavit was supplied and submitted to the Circuit Court of Cook County to support the K-9 owner's claim in

the State Court Lawsuit. This is enough to meet the Act's requirement. Having alleged facts sufficient to state a plausible claim for relief, the court concludes that plaintiff has satisfied the Rule 8(a)(2) requirement. Defendant's motion to dismiss is therefore denied.

## **CONCLUSION**

For the foregoing reasons, the court denies defendant's motion to dismiss Count V.


**ENTER:** March 2, 2011

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**